IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CARL WATTS, #77138**                                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 4:05cv123TSL-AGN**

**ANTHONY H. OGLESBY**                                                              **DEFENDANT**

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal of this cause. Plaintiff, an inmate at the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The only named defendant is Anthony H. Oglesby, an attorney who represented the plaintiff in a criminal matter. Plaintiff seeks as relief monetary damages and release from incarceration.

Background

According to the plaintiff, the plaintiff made requests to the defendant for certain documents concerning his criminal case, but the defendant did not provide the plaintiff with the documents. The plaintiff further states that the defendant's unwillingness to provide the requested documentation prevented the plaintiff from filing post-conviction relief in a proper and timely manner, thereby violating the plaintiff's constitutional rights and causing him to serve an illegal life sentence.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Initially, this court must decide whether the plaintiff should pursue his claim requesting his release from custody as a petition for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). Therefore, to the extent the plaintiff is requesting release from custody, a petition for habeas corpus relief is the appropriate legal vehicle to assert these claims.

Prior to pursuing this matter through habeas corpus in federal court, however, plaintiff is required to exhaust all of his available state remedies with the state courts of Mississippi. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Once the plaintiff has fully exhausted his available state remedies, and if he does not receive the requested relief, the plaintiff may then be eligible to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, but only within the applicable statute of limitations period. Since the plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore this complaint will not be liberally construed as a petition for habeas corpus relief.

To the extent the plaintiff is requesting monetary damages as relief, the plaintiff's claims under § 1983 are precluded by the Supreme Court's ruling in Heck v. Humphrey ,114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). The United States Supreme Court in Heck addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction and sentence is cognizable under 42 U.S.C. § 1983. The United States Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

The court must evaluate the claims raised by plaintiff in his § 1983 complaint "to determine whether they challenge the constitutionality of his conviction or sentence." Boyd, 31 F.3d at 283. After considering the complaint, the court concludes that if a judgment was rendered in favor of the plaintiff, the validity of his conviction and/or sentence would necessarily be implicated. Plaintiff basically asserts that he was subjected to ineffective assistance of counsel and that if such rights had not been violated, his conviction and/or sentence would have been overturned. Clearly, a judgment in his favor on the claims would necessarily call into question the validity of the conviction and/or sentence. Since this § 1983 action calls into

question the validity of plaintiff's conviction and/or sentence and because plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that plaintiff's complaint should be dismissed with prejudice to such claims being asserted again when the Heck conditions are met. See Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996).

Furthermore, pursuant to 42 U.S.C. § 1983, the plaintiff must allege that he was deprived of a right "secured by the Constitution and the laws" of the United States and that the person depriving plaintiff of this right acted "under color of any statute" of the State. Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). It is clear that the defendant was not a state actor under these allegations.[1] The mere fact that defendant Oglesby is an attorney who represented plaintiff does not establish that he was a state actor. Polk County v. Dodson, 454 U.S. 312, 319 n.9, 325 (1981). Even if the defendant could be considered a state actor, it is clear that the plaintiff cannot maintain this action until the Heck conditions are met. As such, the plaintiff cannot maintain this action pursuant to § 1983 against the named defendant.

Conclusion

As discussed above, the plaintiff's claims concerning his conviction and/or sentence and imprisonment are not cognizable under 42 U.S.C. § 1983. Consequently, the plaintiff's allegations concerning these claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent the plaintiff's

---

[1] If a private attorney has conspired with a state actor to deprive a person of his constitutional rights, then the private attorney may be held liable pursuant to 42 U.S.C. § 1983. See Addicks v. Kress & Co., 398 U.S. 144, 152 (1970). Even though this court is required to liberally construe pro se pleadings, the instant complaint does not contain any such allegations to establish that the defendant was a state actor. See McFadden v. Lucas, 713 F.2d 143, 147 n. 4 (5th Cir.), cert. denied, 464 U.S. 998 (1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977) (This court cannot construe unpled facts.)).

claims are habeas in nature, the claims are dismissed without prejudice.

### Three-strikes provision

Since the claims concerning his conviction and imprisonment are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this dismissal will be counted as a "strike".[2]  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order shall issue.

This the   2nd    day of   August  , 2005.


                                              /s/ Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.